## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **HARRY J. SMITH** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ.Act.No. 07-408-JJF |
| | ) | |
| **THOMAS CARROLL**, Warden | ) | |
| and **JOSEPH R. BIDEN, III**, Attorney | ) | |
| General for the State of Delaware | ) | |
| | ) | |
| Respondents. | ) | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. §

2254, respondents state the following in response to the petition for a writ of habeas

corpus:

The Delaware Supreme Court, in *Smith v. State*, 2007 WL 1328843 (Del. 2007)

(Ex. A), summarized the history of Smith's criminal cases:

> In May 1984, Smith pleaded guilty to Burglary in the First
> Degree and Unlawful Imprisonment in the First Degree. He was
> sentenced on the burglary conviction to 20 years of Level V
> incarceration, to be suspended after 10 years for 10 years of probation.
> He was sentenced on the unlawful imprisonment conviction to 7 years of
> Level V incarceration.

> While on parole from his 1984 convictions, Smith was arrested in
> December 1998, and charged with two counts of Robbery in the First
> Degree and related offenses. In January 2000, Smith pled guilty to two
> counts of Robbery in the First Degree and two weapon offenses. At
> sentencing, the Superior Court revoked the probationary portion of
> Smith's 1984 burglary sentence and sentenced him to 6 years at Level V.
> The Board of Parole subsequently revoked Smith's parole with respect to
> his 1984 burglary conviction and ordered him to serve 2 years, 4 months
> and 21 days at Level V, representing the remainder of his Level V
> sentence.

*Smith*, 2007 WL 1328843 at *1. Smith did not appeal the revocation of his probation and parole. In September 2006, more than six and a half years after his violation of probation hearing, Smith filed a motion to vacate his VOP sentence:

> Smith then filed a motion to vacate his VOP sentence on the ground that the Superior Court did not have the authority to revoke his probation while he was on parole status. In response, the Superior Court issued a modified VOP sentencing order reducing the VOP sentence from 6 years at Level V to 3 years, 7 months and 9 days. The sentence ordered by the Board of Parole was allowed to stand. The effect of the Superior Court's order was to impose a sentence totaling 6 years at Level V. While the Superior Court did not find Smith's sentence to be illegal, it found it to be "unusual" and modified it in order "to avoid what appears to be a double punishment between the violation of probation and the violation of parole."

*Id.* Smith thereafter appealed the decision of the Superior Court to the Delaware Supreme Court, claiming that because he had not yet begun to serve his probationary term, he could not be subject to a violation of probation proceeding. The Delaware Supreme Court rejected this claim, holding that "[c]ontrary to Smith's argument, the Superior Court has the authority to revoke a probationary sentence that a defendant has not yet begun to serve." *Id.*

## Discussion

Petitioner raises a single ground for relief: Superior Court erred in denying his motion to vacate his VOP sentence. Reading this claim in light of Smith's state court filings, he appears to raise a claim that his rights under the Double Jeopardy Clause were violated when Superior Court revoked his as-yet unserved probationary sentence after the Board of Parole had already revoked his parole on the same grounds. Because Smith has raised this claim before the Delaware Supreme Court, it has been properly exhausted.

2

Smith, however, is not entitled to relief because the claim presented in his petition is untimely under 28 U.S.C. §2244(d) and, additionally, is without merit.

Because Smith's petition was filed in June 2007, it is subject to the Antiterrorism and Effective Death Penalty Act ("AEDPA") signed into law on April 24, 1996. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding that AEDPA applies to "such cases as were filed after the statute's enactment."); *Lawrie v. Snyder*, 9 F. Supp.2d 428, 433 n. 1 (D.Del. 1998). Under 28 USC §2244(d)(1)(A), therefore, Smith's federal habeas petition must have been filed within one year of the date that Smith's convictions became final.[1]    Because Smith did not appeal his VOP conviction to the Delaware Supreme Court, his conviction became final thirty days after his sentencing, i.e., February 7, 2000.[2] *See* 28 U.S.C. §2244(d)(1)(A); DEL. SUPR. CT. R. 6; *Hartmann v. Carroll*, 492 F.3d 478, 481 (3d Cir. 2007).    Thus, Smith's petition must have been filed by February 2001 to be timely. Smith's petition was obviously filed beyond the one-year limitations period. The petition is thus untimely and must be dismissed, unless the time period can be statutorily or equitably tolled. *See Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).

The tolling mechanism of §2244 cannot save Smith's petition from the running of the limitations period. *See* 28 U.S.C. §2244(d)(2). When applicable, §2244(d)(2) tolls the one-year period of §2254(d)(1) during the time that a properly filed state postconviction action is pending in the state courts. Section 2244(d)(2) provides only that the limitations period is tolled for the time that a motion for state postconviction relief is pending, but it does not stop the limitations clock from running until all state

---

[1] Smith does not allege, nor can respondents discern, any reason to believe that the terms of 28 U.S.C. §2244(d)(1)(B)-(D) are applicable.

[2] Because the thirty-day period would expire on a Saturday, Smith's notice of appeal would have been deemed timely the following Monday.

postconviction motions are decided. *See Marvel v. Dep't of Correction*, Civ. Act. No. 97-568-LON, order at ¶9 (D.Del. Nov. 17 1998). Smith d id not file a motion for postconviction relief under Delaware Superior Court Criminal Rule 61. Smith did, however, file a motion for correction of an illegal sentence under Superior Court Criminal Rule 35(a) in September 2006. *See* Super. Ct. Crim Dkt. 83005854DI, D.I. 28. Motions under Superior Court Criminal Rule 35(a) may serve to toll the limitations period if properly filed. *See Hartmann*, 492 F.3d at 481. However, because Smith filed his motion for correction of an illegal sentence after the expiration of the one-year AEDPA limitations period, the statutory tolling provisions of §2244(d)(2) are of no aid to Smith.

Of course, as the Court has repeatedly noted, the limitation period might be subject to equitable tolling. *See, e.g., Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D.Del. Nov. 28, 2001) (Ex. B) (describing rule). Equitable tolling, however, applies only where the petitioner "has in some extraordinary way been prevented from asserting his or her rights." *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998). Here, Smith has failed to allege or demonstrate any extraordinary circumstances that prevented him from filing his petition with the Court in a timely manner. Smith's failure to file his federal habeas petition for more than six years after his conviction demonstrates a distinct lack of diligence. In short, Smith's claims are untimely under §2244(d), and there is no basis upon which any relevant time should be excluded by virtue of the equitable tolling doctrine. Accordingly, the petition is untimely and must be dismissed. *See Miller v. Marr*, 141 F.3d 976, 977-78 (10th Cir. 1998).

Alternatively, Smith has failed to show that he is entitled to relief on the merits. As explained by the Third Circuit, a federal court's consideration under §2254(d)(1) of a habeas petitioner's claim proceeds in two steps. The court "must first identify the applicable Supreme Court precedent and determine whether it resolves the petitioner's claim." *Werts v. Vaughn*, 228 F.3d 178, 197 (3d Cir. 2000). *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). To do so, "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." *Werts*, 228 F.3d at 197. *See Mitchell v. Esparza*, 540 U.S. 12, 17 (2003) ("A federal court may not overrule a state court for simply holding a view different from its own, when the precedent from this Court is, at best, ambiguous."). Thus, if the Supreme Court has not established "a clear or consistent path" of jurisprudence for state courts to follow, the prisoner is not entitled to relief. *Lockyer*, 538 U.S. at 72. When looking to Supreme Court precedent, the court "must decide the level of specificity at which [it] decide[s] whether the state decision is contrary to, or unreasonably applies, that precedent. . . . Supreme Court jurisprudence addressing §2254(d)(1) has established that determining the 'clearly established' benchmark should be done on a case-specific level." *Fischetti v. Johnson*, 384 F.3d 140, 148 (3d Cir. 2004). Under §2254(d)(1), "the Court views its precedents in their particular factual settings. The touchstone precedents are not to be examined by looking to broad pronouncements or generative principles in the opinion. The 'materially indistinguishable' test presupposes a fact-specific analysis of the Supreme Court case law." *Fischetti*, 384 F.3d at 148 (citing cases).

"If [the court] determine[s] that the state court decision is not 'contrary to' the applicable Supreme Court precedent, then [the court is] required to advance to the second step in the analysis -- whether the state court decision was based on an 'unreasonable application of' Supreme Court precedent." *Werts*, 228 F.3d at 197. In performing this inquiry, the court is "not authorized to grant habeas corpus relief simply because [it] disagree[s] with the state court's decision or because [it] would have reached a different result if left to [its] own devices." *Werts*, 228 F.3d at 197. Instead, the state court's application of Supreme Court precedent must have "resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Werts*, 228 F.3d at 197. And as with the inquiry under the "contrary to" prong of the statute, "in analyzing habeas claims for unreasonable application of the law, the Supreme Court has looked at its own baseline precedents through a sharply focused lens." *Fischetti*, 384 F.3d at 149. The decisions of state and lower federal courts are relevant in assessing the reasonableness of the state court decision at issue, but "cases not decided by the Supreme Court do not serve as the legal benchmark against which to compare the state decision." *Fischetti*, 384 F.3d at 149. Finally, in this context, Supreme Court precedent involving the interpretation of federal statutes is not enough; the relevant body of decisional law is that interpreting the federal Constitution. *Early v. Packer*, 537 U.S. 3, 10 (2002) (Court's holdings on non-constitutional issues are not "relevant to the §2254(d)(1) determination"); *Johnson v. Carroll*, 369 F.3d 253, 259-62 (3d Cir. 2004).

*Claim One: Revocation of Parole and a Violation of Probation*

Reading Smith's claim in his habeas petition in light of his filings in the state courts, Smith appears to argue that, by revoking his probationary sentence after the Board

of Parole had already revoked his parole, Superior Court violated his rights under the Double Jeopardy Clause. Smith predicated his argument on the facts that he had not yet begun to serve his probationary sentence and that the Board of Parole had already revoked his conditional release (Del. Code. Ann. Tit. 11, §4348) before Superior Court revoked his probationary term. As a preliminary matter, the Delaware Superior Court was well within its power to revoke Smith's probationary sentence before he had begun serving it. *See Taylor v. Wakefield*, 2006 WL 1789047 (E.D. Pa. 2006) (Ex. C); *Williams v. State*, 560 A.2d 1012 (Del. 1989). Further, the revocation of probation and revocation of parole based on the same incident or conduct raises no double jeopardy concerns under Delaware law. *State v. Dorsey*, 1995 WL 862118 (Del. Super. Nov. 1, 1995) (Ex. D), *aff'd*, 1996 WL 265992 (Del. May 13, 1996) (Ex. E). Nor do the circumstances of Smith's case raise any double jeopardy concerns under federal law.

"The double jeopardy clause protects a defendant in a criminal proceeding against multiple punishment or repeated prosecutions for the same offense." *United States v. Hanahan*, 798 F.2d 187, 189 (7th Cir. 1986) (*citing United States v. Dinitz*, 424 U.S. 600 (1976)). "[T]he revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). The rights afforded by the Double Jeopardy Clause are among those inapplicable to parole revocation proceedings. *Jonas v. Wainwright*, 779 F.2d 1576, 1577 (11th Cir. 1986); *Jubilee v. Horn*, 959 F.Supp. 276, 279 n. 4 (E.D. Pa. 1997). Further, the Third Circuit has held that simultaneously revoking a defendant's suspended sentence and probation does not constitute a violation

7

of the Double Jeopardy Clause. *United States ex rel. Sole v. Rundle*, 435 F.2d 721, 724

(3d Cir. 1971). Accordingly, Smith is not entitled to relief on his claim.

<u>Conclusion</u>

Based upon the Superior Court docket sheet, it does not appear that transcripts of

any of Smith's proceedings have been prepared. In the event that the Court directs the

production of any transcript, respondents cannot state with specificity when such

transcript would be available. However, respondents reasonably anticipate that such

production would take 90 days from the issuance of any such order by the Court.

<u>/s/ James T. Wakley</u>
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 4612

DATE: October 3, 2007

8

Westlaw.

925 A.2d 504
925 A.2d 504, 2007 WL 1328843 (Del.Supr.)
(Cite as: 925 A.2d 504, 925 A.2d 504 (Table))

Page 1

Smith v. State
Del.Supr.,2007.
(The decision of the Court is referenced in the Atlantic Reporter in a 'Table of Decisions Without Published Opinions.')
Supreme Court of Delaware.
Harry J. SMITH, Defendant Below-Appellant,
v.
STATE of Delaware, Plaintiff Below-Appellee.
No. 37, 2007.

Submitted: March 22, 2007.
Decided: May 7, 2007.

Court Below-Superior Court of the State of Delaware in and for New Castle County, Cr. A. No. IN83-09-1627.

Before HOLLAND, BERGER and JACOBS, Justices.

CAROLYN BERGER, Justice.
*1 This 7th day of May 2007, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:

(1) The defendant-appellant, Harry J. Smith, filed an appeal from the Superior Court's December 29, 2006 order modifying his VOP sentence. The plaintiff-appellee, the State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.[FN1] We agree and AFFIRM.

FN1. Supr. Ct. R. 25(a).

(2) In May 1984, Smith pleaded guilty to Burglary in the First Degree and Unlawful Imprisonment in the First Degree. He was sentenced on the burglary conviction to 20 years of Level V incarceration, to be suspended after 10 years for 10 years of probation. He was sentenced on the unlawful imprisonment conviction to 7 years of Level V incarcera-

tion.

(3) While on parole from his 1984 convictions, Smith was arrested in December 1998, and charged with two counts of Robbery in the First Degree and related offenses. In January 2000, Smith pled guilty to two counts of Robbery in the First Degree and two weapon offenses. At sentencing, the Superior Court revoked the probationary portion of Smith's 1984 burglary sentence and sentenced him to 6 years at Level V. The Board of Parole subsequently revoked Smith's parole with respect to his 1984 burglary conviction and ordered him to serve 2 years, 4 months and 21 days at Level V, representing the remainder of his Level V sentence.

(4) Smith then filed a motion to vacate his VOP sentence on the ground that the Superior Court did not have the authority to revoke his probation while he was on parole status. In response, the Superior Court issued a modified VOP sentencing order reducing the VOP sentence from 6 years at Level V to 3 years, 7 months and 9 days. The sentence ordered by the Board of Parole was allowed to stand. The effect of the Superior Court's order was to impose a sentence totaling 6 years at Level V. While the Superior Court did not find Smith's sentence to be illegal, it found it to be "unusual" and modified it in order "to avoid what appears to be a double punishment between the violation of probation and the violation of parole."

(5) Contrary to Smith's argument, the Superior Court has the authority to revoke a probationary sentence that a defendant has not yet begun to serve.[FN2] In this case, the Superior Court reduced Smith's VOP sentence so that his total sentence did not exceed 6 years at Level V. The Superior Court did so as a matter of fairness in the exercise of its discretion. We do not find in the particular circumstances of this case that the Superior Court acted improperly or abused its discretion and, therefore, we will not disturb the Superior Court's ruling.

FN2. *Williams v. State,* 560 A.2d 1012,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

925 A.2d 504
925 A.2d 504, 2007 WL 1328843 (Del.Supr.)
**(Cite as: 925 A.2d 504, 925 A.2d 504 (Table))**

1015 (Del.1989).

(6) It is manifest on the face of Smith's opening brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there clearly was no abuse of discretion.

**\*2** NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rule 25(a), the State of Delaware's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

Del.Supr.,2007.
Smith v. State
925 A.2d 504, 2007 WL 1328843 (Del.Supr.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 1555239 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 1

**H**

Thomas v. Snyder
D.Del.,2001.
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Kevin A. THOMAS, Petitioner,
v.
Robert W. SNYDER, Warden, and Attorney General of the State of Delaware, Respondents.
**No. CIV.A. 98-597-GMS.**

Nov. 28, 2001.

MEMORANDUM AND ORDER
SLEET, District J.
*1 Kevin A. Thomas was convicted of first degree murder and possession of a deadly weapon during the commission of a felony. He is presently incarcerated in the Delaware Correctional Center in Smyrna, Delaware, where he is serving a sentence of life imprisonment. Thomas has filed with this court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As explained below, the court will dismiss Thomas' petition as time barred by the one-year period of limitation prescribed in 28 U.S.C. § 2244(d).

I. BACKGROUND

On June 28, 1993, following a jury trial in the Delaware Superior Court, Kevin A. Thomas was convicted of first degree murder and possession of a deadly weapon during the commission of a felony. The evidence at trial demonstrated that on September 13, 1992, Thomas shot David Turner in the face and killed him. Thomas was seventeen years old at the time. He was sentenced to life in prison without parole on the murder conviction and to a consecutive sentence of five years in prison on the weapons conviction. The Delaware Supreme Court affirmed Thomas' conviction and sentence on September 21, 1994.

On December 18, 1996, Thomas filed in state court a motion for post-conviction relief pursuant to Rule 61 of the Delaware Superior Court Criminal Rules.

The trial court summarily dismissed Thomas' Rule 61 motion on December 23, 1996. Thomas appealed to the Delaware Supreme Court. His subsequent motion to withdraw the appeal was granted on March 11, 1997. Thomas filed a second Rule 61 motion for post-conviction relief on March 27, 1997, which was summarily dismissed on May 9, 1997. Again, Thomas appealed to the Delaware Supreme Court. The Court affirmed the order of dismissal on November 24, 1997.

Thomas has now filed with this court the current petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition Thomas articulates four separate grounds for relief: (1) The searches of his residence and car were in violation of the Fourth Amendment, and all evidence seized from these searches should have been suppressed; (2) The trial court erred in admitting identification testimony that was the result of an impermissibly suggestive photographic identification procedure; (3) The trial court violated his constitutional right to due process by giving a supplemental jury instruction pursuant to *Allen v. United States,* 164 U.S. 492 (1896); and (4) His constitutional rights were violated when police questioned him without a parent or legal guardian present. The respondents argue that the petition is subject to a one-year period of limitation that expired before Thomas filed it. Thus, they request that the court dismiss the petition as time barred.

II. DISCUSSION

A. One-Year Period of Limitation

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress amended the federal habeas statute by prescribing a one-year period of limitation for the filing of § 2254 habeas petitions by state prisoners.*Stokes v. District Attorney of the County of Philadelphia,* 247 F.3d 539, 541 (3d Cir.2001). Effective April 24, 1996, the AEDPA provides:

*2 (1) A 1-year period of limitation shall apply to

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 1555239 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Page 2

an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review....

28 U.S.C. § 2244(d)(1). In order to avoid any impermissible retroactive application of the one-year period of limitation, state prisoners whose convictions became final prior to the enactment of the AEDPA were allowed to file their § 2254 petitions no later than April 23, 1997. *See Burns v. Morton,* 134 F.3d 109, 111 (3d Cir.1998)(prohibiting dismissal of petitions filed on or before April 23, 1997, as untimely under § 2244(d)(1)(A)).

Thomas' conviction became final prior to the enactment of the AEDPA. He was convicted on June 28, 1993. The Delaware Supreme Court affirmed the judgment of conviction on September 21, 1994. Thomas was then allowed ninety days in which to file a petition for a writ of certiorari with the United States Supreme Court. *See*Supreme Court Rule 13. Although Thomas did not file a petition with the United States Supreme Court, the ninety-day period in which he could have filed such a petition is encompassed within the meaning of "the conclusion of direct review or the expiration of the time for seeking such review," as set forth in § 2244(d)(1)(A).*See Kapral v. United States,* 166 F.3d 565, 576 (3d Cir.1999)(holding that on direct review, the limitation period of § 2244(d)(1)(A) begins to run at the expiration of the time for seeking review in the United States Supreme Court). Therefore, Thomas' conviction became final on December 20, 1994, ninety days after the Delaware Supreme Court affirmed his conviction, and well before the enactment of the AEDPA on April 24, 1996. Thus, he could have filed a timely habeas petition with this court not later than April 23, 1997. *See Burns,* 134 F.3d at 111.

Ascertaining the precise date Thomas filed his habeas petition with the court is somewhat problematic. The court's docket reflects that the petition

was filed on October 21, 1998, the date the clerk's office received his petition and filing fee. A pro se prisoner's habeas petition, however, is considered filed on the date he delivers it to prison officials for mailing to the district court, not on the date the court receives it. *Id.* at 113.Thomas has provided the court with no documentation establishing the date he delivered his petition to prison officials for mailing. The petition itself, however, is dated August 10, 1998. The respondents maintain that the filing date is October 8, 1998, but they provide no documentation to support this conclusion. Under these circumstances, the court will extend Thomas every benefit of the doubt and will consider his habeas petition filed on August 10, 1998, the earliest possible date he could have delivered it to prison officials for mailing.

*3 Obviously Thomas' habeas petition was filed well beyond the April 23, 1997 deadline. That, however, does not end the inquiry because § 2244(d)'s period of limitation may be either statutorily or equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999).

### B. Statutory Tolling

The AEDPA provides for statutory tolling of the one-year period of limitation:
The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Thomas filed in state court a Rule 61 motion for post-conviction relief on December 18, 1996, which the Superior Court summarily dismissed on December 23, 1996. As previously noted, Thomas appealed from the order of dismissal. His subsequent motion to withdraw the appeal was granted on March 11, 1997. The respondents concede, and correctly so, that the filing of this motion for post-conviction relief tolled the period of limitation. Thus, the period of time from December 18, 1996, through March 11, 1997, does not count toward the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 1555239 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

one-year period of limitation.[FN1]

> FN1. The court notes that the one-year period is tolled during the time between the Superior Court's dismissal of Thomas' Rule 61 motion and his timely appeal to the Delaware Supreme Court. *See Swartz v. Meyers,* 204 F.3d 417, 420 (3d Cir.2000).

Thomas filed a second Rule 61 motion for post-conviction relief in state court on March 27, 1997, which was summarily dismissed on May 9, 1997. The Delaware Supreme Court affirmed the dismissal on November 24, 1997. Again, the respondents concede that the filing of the second Rule 61 motion tolled the period of limitation.[FN2] Thus, the period of time from March 27, 1997, through November 24, 1997, is excluded from the one-year limitation period.[FN3]

> FN2. Only a "properly filed application" for post-conviction review tolls the one-year period under § 2244(d)(2). Whether Thomas' second Rule 61 motion constitutes a "properly filed application" is subject to debate. Under Rule 61, "[a]ny ground for relief that was not asserted in a prior postconviction proceeding ... is thereafter barred."Super. Ct. R.Crim. P., Rule 61(i)(2). This procedural bar, however, is inapplicable where a motion raises "a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction."*Id.,* Rule 61(i)(5). The court need not, and does not, address whether Thomas' second Rule 61 motion was a "properly filed application" because the respondents concede that the one-year period was tolled while the second Rule 61 motion was pending. Regardless, as discussed herein, Thomas' habeas petition is untimely.

> FN3. Thomas could have filed, but did not file, a petition for a writ of certiorari with the United States Supreme Court within ninety days of the Delaware Supreme Court's order. *See* Supreme Court Rule 13. As explained above, on direct review that ninety-day period is excluded from the one-year period of limitation. *See Kapral,* 166 F.3d at 576. In post-conviction proceedings, however, the time during which a state prisoner may file a petition in the United States Supreme Court does *not* toll the one-year period, and the ninety-day period is counted. *Stokes,* 247 F.3d at 543.

Nonetheless, since the date of the enactment of AE-DPA, more than one year has passed during which statutory tolling does not apply. First, from April 24, 1996, through December 17, 1996, a period of 238 days, no post-conviction proceedings were pending, and those 238 days are included as part of the one-year period. In addition, from March 12, 1997, through March 26, 1997, no post-conviction relief proceedings were pending, and those fourteen days must be counted. Finally, from November 25, 1997, through August 9, 1998, a period of 258 days, no motion for post-conviction relief was pending, and those 258 days must be counted.

In sum, following the enactment of the AEDPA, 510 days lapsed during which Thomas had no post-conviction proceedings pending for purposes of § 2244(d)(2). This period of time, well in excess of one year, must be counted. The court thus concludes that while the statutory tolling provision applies to certain portions of time since the enactment of the AEDPA, it does not render Thomas' habeas petition timely filed.

### C. Equitable Tolling

Additionally, the one-year period of limitation prescribed in § 2244(d) may be subject to equitable tolling. *Fahy v. Horn,* 240 F .3d 239, 244 (3d Cir.2001); *Jones,* 195 F.3d at 159; *Miller v. New Jersey State Dep't of Corrections,* 145 F.3d 616, 618 (3d Cir.1998). The doctrine of equitable tolling

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 1555239 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

applies:

*4 only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

*Miller,* 145 F.3d at 618-19 (citations omitted). In other words, equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum."*Jones,* 195 F.3d at 159,*quoting United States v.. Midgley,* 142 F.3d 174, 179 (3d Cir.1998).

In the instant case, Thomas argues that the AEDPA's one-year period of limitation is at odds with the three-year period allowed for filing a Rule 61 motion for post-conviction relief. He contends that because Delaware allows three years in which to file a Rule 61 motion, and petitioners are required to exhaust state remedies before filing habeas petitions in federal court, it is unfair to apply the AEDPA's one-year period of limitation, rather than Delaware's three-year period.

Although Thomas is correct that Delaware generally allows three years in which to file a Rule 61 motion, *see* Super. Ct. R.Crim. P., Rule 61(i)(1), the court is unimpressed by his equitable tolling argument. As explained above, the court has applied § 2244(d)(2)'s tolling provision to exclude the periods of time during which his two post-conviction proceedings were pending before the state courts. These periods of time do not count against Thomas. There is nothing unfair or inequitable in applying the AEDPA's one-year period of limitation to petitioners who wait more than a year before filing a habeas petition in federal court, even if the Delaware rule permits a longer period of time in which to file Rule 61 motions.

More important, Thomas has failed to articulate any extraordinary circumstances that prevented him from filing his habeas petition with this court in a timely manner. Indeed, he has failed to offer *any* explanation for the delay. He has not provided the court with any reason why, after the AEDPA was enacted, he waited until December 18, 1996, to file his first Rule 61 motion. He has not explained why, after his second Rule 61 proceedings were completed on November 24, 1997, he waited until August 10, 1998, to file his habeas petition with this court.

In short, the court cannot discern any extraordinary circumstances that warrant applying the doctrine of equitable tolling. Thomas' habeas petition will be dismissed as untimely.

### D. Motion for Appointment of Counsel

In a letter to the court dated April 16, 2000, Thomas inquired respecting appointment of counsel in this matter. The court construes this letter as a motion for appointment of counsel. The Sixth Amendment right to counsel does not extend to habeas proceedings. *See Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987); *United States v. Roberson,* 194 F.3d 408, 415 n. 5 (3d Cir.1999). Additionally, the court has determined that Thomas' habeas petition will be dismissed as untimely. Accordingly, Thomas' letter dated April 16, 2000, construed as a motion for appointment of counsel, will be denied as moot.

### III. CERTIFICATE OF APPEALABILITY

*5 Finally, the court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."28 U.S.C. § 2253(c)(2).

When the court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 1555239 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)."Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."*Id.*

For the reasons discussed above, Thomas' habeas petition is barred by the one-year period of limitation. The court cannot conclude that the period should be statutorily or equitably tolled to render the petition timely. The court is convinced that reasonable jurists would not debate otherwise. Thomas therefore cannot make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not issue.

### IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED THAT:
1. Thomas' petition for a writ of habeas corpus pursuant to 28 U .S.C. § 2254 is DISMISSED, and the relief requested therein is DENIED.
2. Thomas' letter dated April 16, 2000, requesting appointment of counsel, is construed as a motion for appointment of counsel, and so construed, is DENIED as moot.
3. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

D.Del.,2001.
Thomas v. Snyder
Not Reported in F.Supp.2d, 2001 WL 1555239 (D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 1789047 (E.D.Pa.)
(Cite as: Not Reported in F.Supp.2d)

Page 1

Taylor v. Wakefield
E.D.Pa.,2006.
Only the Westlaw citation is currently available.
United States District Court,E.D. Pennsylvania.
Christopher TAYLOR
v.
David WAKEFIELD, et al.
**No. Civ. 05-6813.**

June 26, 2006.

Christopher Taylor, Greensburg, PA, pro se.
Thomas W. Dolgenos, District Attorney's Office,
Philadelphia, PA, for David Wakefield, et al.

GILES, J.
*1 AND NOW, this _____ day of June 2006, upon
careful and independent consideration of the plead-
ings and record herein, including the state court re-
cord, and after a review of the Report and Recom-
mendation of the United States Magistrate Judge
Arnold C. Rapoport, it is hereby ORDERED as fol-
lows:
1. The Report and Recommendation is APPROVED
and ADOPTED;
2. The petition for a Writ of Habeas Corpus, pursu-
ant to 28 U.S.C. § 2254, is DENIED;
3. A Certificate of Appealability shall not issue
inasmuch as petitioner has not made a substantial
showing of the denial of a constitutional right; and
4. Any pending motions are DENIED as moot;

RAPOPORT, Magistrate J.
Presently before the Court is a *prose* Petition for
Writ of Habeas Corpus filed by the Petitioner,
Christopher Taylor ("Petitioner"), pursuant to 28
U.S.C. section 2254. The Petitioner is currently in-
carcerated in the State Correctional Institution at
Greensburg, Pennsylvania. For the reasons that fol-
low, it is recommended that the Petition should be
denied with prejudice and dismissed without an
evidentiary hearing.

*I. PROCEDURAL HISTORY.*

On November 4, 1998, Petitioner was found guilty
following a bench trial before the Honorable Ben-
jamin Lerner of the Court of Common Pleas of
Philadelphia County of possession with intent to
deliver a controlled substance. Judge Lerner sen-
tenced Petitioner to twenty-two to forty-four
months imprisonment, to be followed by a four year
probationary term. Petitioner did not file a direct
appeal of this sentence.

Petitioner was paroled on December 23, 1999, and
while on parole, was arrested for possession with
intent to deliver a controlled substance and inten-
tional possession of a controlled substance. He was
convicted of both crimes, and sentenced to three to
six years' imprisonment.

On November 12, 1999, following notice and a
hearing, Judge Lerner revoked Petitioner's proba-
tion for his first possession conviction and resen-
tenced Petitioner on that conviction to two to four
years' imprisonment, to be served consecutively to
Petitioner's second possession conviction.

Petitioner filed a petition pursuant to the Post Con-
viction Relief Act ("PCRA") on September 3, 2003
seeking reinstatement of his direct appeal rights. 42
Pa.C.S.A. § 9541, *etseq.* Counsel was appointed on
April 14, 2004, and filed an amended PCRA peti-
tion. On June 10, 2004, Judge Lerner reinstated Pe-
titioner's right to appeal, and counsel filed a timely
notice of appeal and identified the issues to be
raised in appeal. On August 9, 2004, Judge Lerner
filed an opinion affirming the new sentence im-
posed. *See* Resp., Ex. A.

Counsel subsequently concluded that there were no
arguably meritorious issues on appeal, and filed a
brief pursuant to *Anders v. California,* 386 U.S.
738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), certify-
ing that the appeal was wholly frivolous. *See* Resp.,
Ex. B; Pet's Super. Ct. Br. Counsel notified Peti-
tioner that she concluded his appeal was frivolous,
but that he was entitled to continue to litigate his
appeal either *prose* or through retained counsel.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                    Page 2
Not Reported in F.Supp.2d, 2006 WL 1789047 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

Counsel requested permission from the court to withdraw her representation. The Superior Court affirmed the lower court's order revoking probation on June 17, 2005. The Superior Court imposed a sentence of total confinement. *See* Resp., Ex. C; *Commonwealth v. Taylor,* No.1952 EDA 2004 (Pa.Super.2004). Petitioner did not file an appeal from this order.

**\*2** Petitioner signed the instant Petition for Writ of Habeas Corpus on December 14, 2005, and it was filed with the Clerk of Court on December 30, 2005. Petitioner's sole claim is that the trial court violated his constitutional rights and right to due process when it erred by revoking his probation and sentencing him, in double jeopardy when his probation had not begun. (Pet. p. 9.) Petitioner claims that his second arrest occurred during parole not probation, therefore he did not violate his probation because he was not simultaneously serving probation and parole. (*Id.* at 13.)The Honorable James T. Giles referred this case for preparation of a Report and Recommendation on January 9, 2006. Respondents filed their Response to the Petition on April 3, 2006, contending that Petitioner's federal constitutional claim is procedurally defaulted because he did not properly present any such claim to the state court. Respondents also contend that Petitioner's claim that the state court's order revoking his probation and re-sentencing him to total confinement violated his federal constitutional rights is meritless.

## II. *DISCUSSION.*

Petitioner claims that the Double Jeopardy clause and his due process rights were violated because the state court revoked his probationary sentence and re-sentenced him to a term of imprisonment. In state court, Petitioner claimed that the Court of Common Pleas improperly revoked his probation because his new conviction occurred while he was on parole and his probation had not yet begun. Resp., Ex. A, p. 2. On August 9, 2004, Judge Lerner wrote:

[t]he fact that a defendant has not commenced serving his or her probation when the new offense

occurred does not prevent a court from revoking its prior order placing the defendant on probation. *Commonwealth v. Dickens,* 327 Pa.Super. 147, 475 A.2d 141 (1984). Indeed, in *Commonwealth v. Wendowski,* 278 Pa.Super. 453, 456, 420 A.2d 628, 630 (1980), the court held that for revocation purposes the term of probation included the time beginning when probation was granted. In so doing, the court stated:

If, at any time before the defendant has completed that maximum period of probation, *or before he has begun service of his probation,* he should commit offenses of such nature as to demonstrate to the court that he is unworthy of probation and that the granting of the same would not be in subservience to the ends of justice and the best interests of the public, or the defendant, the court could revoke or change the order of probation.

Id. at 456,420 A.2d at 630 (emphasis in original).Accordingly, appellant's claim has no merit. The court's revocation of appellant's probation was proper, and the sentence imposed was legal and well within statutory limits.

*Id.* at 3-4, 420 A.2d 628. The Superior Court affirmed Judge Lerner's decision. The court stated:We have previously explained that a trial court has the authority to revoke an appellant's probation "despite the fact that, at the time of revocation of probation, [the] appellant had not yet begun to serve the probationary portion of [the] split sentence and even though the offense upon which revocation of probation was based occurred during the parole period and not the probationary period."*Commonwealth v. Ware,* 737 A.2d 251, 253 (Pa.Super.1999), *appeal*denied,561 Pa. 657, 747 A.2d 900 (1999). Similarly, in *Commonwealth v. Dickens,* 327 Pa.Super. 147, 475 A.2d 141, 144 (Pa.Super.1984), we rejected the argument that offenses committed before the appellant began serving probation could not constitute a violation of that probation. We have also reasoned that "a term of probation may and should be construed for revocation purposes as including the term beginning at the time probation is granted."*Commonwealth v. Wendowski,* 278 Pa.Super. 453, 420 A.2d 628, 630

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 1789047 (E.D.Pa.)
(Cite as: Not Reported in F.Supp.2d)

Page 3

(Pa.Super.1980) (citation omitted). Appellant has cited no authority to support his contention that these general principles should not apply simply because he was subject to parole supervision by the Pennsylvania Board of Probation and Parole at the time the offenses were committed, and we discern no reason to depart from the above precedent.

*3 Additionally, we have conducted an independent review of the proceedings challenged by Appellant. At the time the trial court revoked Appellant's probation, he had committed new offenses which constituted a violation of the terms and conditions of his probation. Our review finds no irregularity in the revocation proceedings or in the trial court's exercise of its authority in imposing sentence. We, therefore, agree with counsel for Appellant that his appeal is indeed frivolous, and the judgment of sentence must be affirmed.

Resp., Ex C, pp. 4-5. Respondents correctly note that Petitioner did not present the instant federal constitutional claims to the state court, therefore Petitioner did not exhaust his state court remedies with respect to these claims. Petitioner should have alerted the state courts to the fact that he was asserting claims under the United States Constitution. *Duncan v. Henry,* 513 U.S. 364, 365-366, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995). Petitioner is now time-barred from presenting these claims to the state court. Thus, the claims are technically exhausted, but review on the merits is procedurally barred. *SeeO'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

If a petitioner's claims have been procedurally defaulted, a federal court cannot review these claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."*Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). To satisfy the cause and prejudice requirement, courts have held that cause exists when a petitioner demonstrate [s] some objective factor external to the defense that prevented compliance with the state's procedural requirements.

*Cristin v. Brennan,* 281 F.3d 404, 412 (3d Cir.), cert.denied,537 U.S. 897, 123 S.Ct. 195, 154 L.Ed.2d 166 (2002) (quoting *Coleman,* 501 U.S. at 753). The cause must be "something that cannot fairly be attributed to the petitioner."*Johnson v. Klem,* No. CIV.A. 04-410, 2004 WL 1175575, at *2 (E.D.Pa. May 26, 2004) (quoting *Coleman,* 501 U.S. at 753). Prejudice means that the alleged error worked to the Petitioner's actual and substantial disadvantage. *U.S. v. Rodriguez,* 153 F.Supp.2d 590, 594 (E.D.Pa.2001) (quoting *U.S. v. Frady,* 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)). In the alternative to showing cause and prejudice, a petitioner must show that failure to review the federal habeas claim will result in a "miscarriage of justice." *Johnson,* 2004 WL 1175575, at *2 (citing *Werts v. Vaughn,* 228 F.2d 178, 193 (3d Cir.2000)). To show a fundamental miscarriage of justice will occur if the claims are not reviewed, a petitioner must present new evidence that he is actually innocent of the crime for which he has been convicted by presenting new evidence of innocence.*Cristin,* 281 F.3d at 412 (citing *Keller v. Larkins,* 251 F.3d 408, 415-416 (3d Cir.2001)).

The Respondents also assert that the instant claims are meritless. They correctly note that in *U.S. ex rel. Sole v. Rundle,* 435 F.2d 721 (3d Cir.1971), the Third Circuit Court of Appeals affirmed the denial of habeas relief to a state prisoner who claimed that the revocation of a probationary sentence on the day that it was to begin was a violation of due process and double jeopardy. Based on this precedent, Petitioner's argument, which closely mirrors the argument made by the petitioner in *U.S. ex rel. Sole,* fails.

*4 Similarly, Petitioner's Double Jeopardy argument also must be denied because Pennsylvania law provides that upon a finding that a violation of probation has occurred, the sentencing court possesses the same sentencing alternatives that it had at the time of the initial sentencing. *See*42 Pa.C.S.A. § 9771(b). Because Petitioner failed to comply with the conditions of his probation, the sentencing court was able to reconsider its original sentence. This was not a violation of the Double Jeopardy clause.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                           Page 4
Not Reported in F.Supp.2d, 2006 WL 1789047 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

With respect to due process considerations for revocation of probation, the following are required: (1) written notice to the probationer of the claimed violations of probation; (2) disclosure of the evidence against him; (3) an opportunity to be heard in person and to present witnesses and documentary evidence; (4) a neutral hearing body; (5) an opportunity for cross-examination of adverse witnesses unless precluded by good cause; (6) a written statement by the fact-finder as to the evidence relied on and the reasons for revoking probation; and (7) the assistance of counsel in some cases. *Black v. Romano,* 471 U.S. 606, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985). Petitioner does not claim that any of these procedures were not met. Petitioner also cannot show that the state court's revocation of his probation is fundamentally unfair under the relevant circumstances. *Bearden v. Georgia,* 461 U.S. 660, 667 n. 7, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). Thus, this claim must be denied.

For all of these reasons, I make the following:

AND NOW, this 24th day of April, 2006, IT IS RESPECTFULLY RECOMMENDED that the instant Petition for Writ of Habeas Corpus be DENIED with prejudice and DISMISSED without an evidentiary hearing. There is no probable cause to issue a certificate of appealability.

E.D.Pa.,2006.
Taylor v. Wakefield
Not Reported in F.Supp.2d, 2006 WL 1789047 (E.D.Pa.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in A.2d
Not Reported in A.2d, 1995 WL 862118 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

**H**

State v. Dorsey
Del.Super.,1995.
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT
RULES BEFORE CITING.
Superior Court of Delaware, New Castle County.
STATE of Delaware
v.
Mark DORSEY, Defendant.
**Cr. A. No. IN92-04-0831R1.**

Submitted: July 27, 1995.
Decided: Nov. 01, 1995.

UPON DEFENDANT'S MOTION FOR POST-
CONVICTION RELIEF.

Mark Dorsey-GH.
Robert Surles, Wilmington.

GEBELEIN, Judge.
**\*1** This 1st day of November, 1995, upon consider-
ation of Defendant's Motion for Postconviction Re-
lief, it appears to the Court that:

1. On June 9, 1989, after pleading guilty to the of-
fenses with which he was charged, Defendant was
sentenced by this Court to five and one half years at
Level V.[FN1] In November of 1991, Defendant was
released on parole.

> FN1. The offenses to which Defendant
> pled guilty and for which he was sub-
> sequently sentenced to five (5) years in
> prison were Possession of a Narcotic
> Schedule II Controlled Substance
> (cocaine), two counts of Second Degree
> Forgery, Second Degree Conspiracy, and
> Maintaining a Vehicle for Keeping Con-
> trolled Substances. In addition, Defendant
> was sentenced to six (6) months incarcera-
> tion for a Violation of Probation of a previ-
> ous sentence.

2. On September 2, 1992, Defendant pled guilty to

Criminal Mischief and was sentenced by this Court
to two (2) years at Level II.

3. In November of 1992, Defendant's parole was vi-
olated as a result of Defendant's "criminal convic-
tions in two (2) courts, failing to report and failing
to comply with special conditions." On February
23, 1993, Defendant was again paroled.

4. On May 19, 1994, Defendant's Probation/Parole
Officer, notified this Court that Defendant was in
violation of his probation in that he had failed to re-
port to the Probation/Parole Officer as mandated by
his Level III parole.[FN2] The Officer also reported
the violation to the Board of Parole (Board) who
subsequently issued a warrant for Defendant. In ad-
dition to the warrant filed by the Board, on June 20,
1994, a capias was issued against Defendant for vi-
olation of probation. The capias was executed on
November 29, 1994.

> FN2. In requesting issuance of a capias,
> the Probation/Parole Officer further in-
> formed the Court that Defendant had also
> neglected to satisfy the condition of his
> probation which required Defendant to
> make restitution to the victim.

5. On January 31, 1995, after a hearing before the
Board, Defendant was found guilty of violating the
conditions of his parole based on the fact that De-
fendant did not report to his Probation/Parole Of-
ficer as required. As a result of the Board's determ-
ination, Defendant was informed by letter dated
February 1, 1995, that his parole was revoked. As a
result, he was to serve the "balance of the sentence
from which [he was] paroled with no rehearing."
Further, the Board determined that Defendant
"must also serve the time [he was] in absconder
status[,] which is the time from the date the War-
rant was issued (5/25/94) until the date [he was] re-
turned to custody (12/12/94)."

6. At the violation hearing held on February 8,
1995, this Court found Defendant guilty of a Viola-
tion of Probation. Defendant was sentenced to two

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                    Page 2
Not Reported in A.2d, 1995 WL 862118 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

(2) years at Level V.[FN3] Defendant did not appeal the revocation of his probation and sentence to the Delaware Supreme Court.

> FN3. Defendant's sentence also required him to participate in Level V treatment, Key or New Hope. After serving eighteen (18) months, the remainder of Defendant's sentence is suspended for six (6) months at Level IV, work release or the Crest Program. Defendant is to be held at Level V until an opening at Level IV is available.

7. On April 17, 1995 and May 22, 1995, Defendant filed two (2) separate Motions for Correction or Reduction of Sentence, both of which this Court subsequently denied.

8. On July 27, 1995, Defendant filed a *pro se* Motion for Postconviction Relief under Superior Court Criminal Rule 61. Defendant also filed another Motion for Correction or Reduction of Sentence on October 23, 1995. The Court will consider Defendant's filings as a Motion for Postconviction Relief.

9. In his Motion for Postconviction Relief, Defendant seeks relief from the sentence imposed by this Court as a result of Defendant's Violation of Probation. Defendant asserts three grounds in support of his motion. First, Defendant claims that the Double Jeopardy Clause [FN4] precludes the Court from sentencing him to two (2) years at Level V when the Board had already sentenced him to "prison time" as a result of the same violation. Second, Defendant claims illegal detention as he was incarcerated for a probation violation when his probation had not actually commenced. Finally, defendant asserts that he was denied the effective assistance of counsel as his attorney did not talk to him prior to his violation hearing in order that he could explain "the situation" to her.

> FN4. In his motion, Defendant does not indicate whether his double jeopardy claim is made under the United States or Delaware Constitution. As noted previously by this Court, the language of the Double Jeopardy Clause provided for in Delaware's

Constitution is similar to that of the federal constitution. However, the Delaware Supreme Court has not specifically addressed whether the two clauses are "identical in scope in all respects." *State v. Wright,* Del.Super., Cr.A. No. S93-10-0134-0136, Lee, J., (June 21, 1995) (Letter Op.) at 2. However, this Court is of the opinion that whether it considers the Defendant's claim under the Double Jeopardy Clause of the Delaware or United States Constitution, the conclusion reached by this Court will be the same.

**\*2 10.** The Delaware Supreme Court has held that in reviewing Motions for Postconviction Relief, the Court must first determine whether a defendant's claims are procedurally barred prior to considering them on their merits. *Bailey v. State,* Del.Super., 588 A.2d 1121, 1127 (1991); *Flamer v. State,* Del.Supr., 585 A.2d 736, 747 (1990).

11. The Delaware Supreme Court has held that Rule 61(i)(3) [FN5] of the Superior Court Criminal Rules bars all claims, excluding the claim of ineffective assistance of counsel, on a collateral review of a defendant's convictions if the claims could have been raised on direct appeal but were not, unless a defendant can show cause for his failure to do so and actual prejudice. *Flamer,* 585 A.2d at 747; *Younger v. State,* Del.Supr., 580 A.2d 552, 555-56 (1990); *see also Jones v. State,* Del.Supr., No. 285, 1989, Moore, J. (July 31, 1989) (ORDER). In *Jones,* the Supreme Court noted that under Rule 61(i)(3), a defendant that did not challenge his probation revocation by direct appeal to the Supreme Court was barred from asserting the claims that could have been raised on appeal in a motion for postconviction relief unless he could establish cause and prejudice. *Jones,* Order at 2-3. Thus, under Superior Court Criminal Rule 61(i)(3) it appears that, absent a showing of cause and prejudice, Defendant's double jeopardy and illegal detention claims are procedurally barred as Defendant did not bring said claims on direct appeal to the Delaware Supreme Court.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

FN5. Rule 61(i)(3) provides as follows:
(i) Bars to Relief.
(3) Procedural Default. Any ground for re-
lief that was not asserted in the proceed-
ings leading to the judgment of conviction,
as required by the rules of this court, is
thereafter barred, unless the movant shows
(A) Cause for relief from the procedural
default and
(B) Prejudice from violation of the
movant's rights.

12. However, Superior Court Criminal Rule
61(i)(5) provides that the procedural bar to relief
set out in Rule 61(i)(3)"shall not apply ... to a col-
orable claim that there was a miscarriage of justice
because of a constitutional violation that under-
mined the fundamental legality, reliability, integrity
or fairness of the proceedings leading to the judg-
ment of conviction." Under Rule 61(i)(5), the De-
fendant "bears the burden of proving the existence
of a constitutional violation...." *Bailey,* 588 A.2d at
1130 (citing *Younger,* 580 A.2d at 555). Thus, this
Court will address the merits of the Defendant's
double jeopardy and illegal detention claims in or-
der to determine if he has satisfied his burden of
proving "a colorable claim that there was a miscar-
riage of justice because of a constitutional viola-
tion...."

13. In his motion, Defendant claims that the sen-
tence imposed by this Court upon Violation of Pro-
bation offends the Double Jeopardy Clause because
he had previously been sentenced by the Board to
time in prison as a consequence of the same viola-
tion. In essence, Defendant is claiming that he is
being sentenced to multiple punishments for the
same violation. Defendant's argument is funda-
mentally flawed because the two sentences Defend-
ant received are triggered by the same violation but
originally arose from two distinct charges.

In *United States v. Clark,* the United States Court
of Appeals for the Ninth Circuit addressed the issue
of whether the Double Jeopardy Clause is violated
by the imposition of a sentence for violating proba-
tion which is to run consecutively to a separate sen-

tence for violating supervised release, both of
which result from the same violation. *United States
v. Clark,* 984 F.2d 319 (9th Cir.1993). In holding
that the Double Jeopardy Clause was not violated,
the court stated that " '[t]he same actions by a pro-
bationer can lead to direct punishment and can also
constitute the basis on which his probation for a
prior offense is revoked.' " *Id.* at 320 (quoting
*United States v. Redd,* 759 F.2d 699, 701 (9th
Cir.1985)). Thus, logic dictates that "revocation of
probation or supervised release in two prior of-
fenses as the result of a single action is similarly
permissible." *Id.* The court based its reasoning on
the distinction between "prosecution for an offense
and revocation of probation or release in a previ-
ously-imposed sentence." *Id.* By violating the con-
ditions of supervised release and probation, a de-
fendant subjects himself "to deferred punishment
for those two crimes." *Id.* at 321. Therefore, despite
the fact that the violation which led to the revoca-
tion of both the probation and the supervised re-
lease was the same, the punishment was actually for
the original offenses. *Id.* Based on the foregoing
analysis, the court held that the Double Jeopardy
Clause was not implicated. *Id.* This Court finds the
reasoning in *Clark* persuasive and as a result finds
that the Double Jeopardy Clause is not implicated
when one violation triggers revocation of both pa-
role and probation.

*3 Further, in rejecting a defendant's argument that
revocation of two probation sentences based on the
same violation offended the constitutional protec-
tion against double jeopardy, this Court noted that
"[t]he same conduct may constitute more than one
offense and not violate the Double Jeopardy Clause
if it is in violation of more than one statutory provi-
sion." *State v. Burley,* Del.Super., Cr.A. No.
IN90-02-0479R1, Toliver, J. (Nov. 14, 1991)
(Letter Op.) at 2 (citing *State v. Sheeran,*
Del.Super., 441 A.2d 235, 239 (1981), *cert.
denied,*Del.Supr., 497 A.2d 791 (1985); *State v.
Hamilton,* Del.Super., 318 A.2d 624, 626 (1974);
*State in Interest of Mullikin,* Del.Fam.Ct., 455 A.2d
371, 372-73 (1982)). Therefore, as Defendant's con-
duct led to a violation under 11 *Del.C.* § 4334
(1987) [FN6] as well as under 11 *Del.C.* § 4352

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                    Page 4
Not Reported in A.2d, 1995 WL 862118 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

(Supp.1994) [FN7], the Double Jeopardy Clause is not offended.

> FN6. Section 4334(a) provides that "[t]he Court may issue a warrant for the arrest of a probationer for violation of any of the conditions of probation...."
>
> FN7. Section 4352(a) provides that "[a]t any time during release on parole or conditional release under parole the Board or any member thereof may issue a warrant for the arrest of a released person for violation of any of the conditions of his release...."

As Defendant's double jeopardy claim has no merit, he is denied the protection provided by Rule 61(i)(5). Thus, his double jeopardy claim is procedurally barred under Rule 61(i)(3) as Defendant neglected to raise the issue on direct appeal to the Delaware Supreme Court, and Defendant's motion does not present any evidence of cause and prejudice.

14. Defendant's next claims illegal detention. As it is not clear from Defendant's motion, the Court assumes that Defendant is claiming that he is being illegally detained in prison as his probation had not yet commenced when he was sentenced for a Violation of Probation. Defendant's two year period of probation commenced on September 2, 1992. Defendant was subject to its conditions in May of 1994 when his Probation/Parole Officer notified the Court that Defendant was in violation of his probation. Defendant's probation and parole were running concurrently on the date that the violation occurred. Therefore, as Defendant was concurrently serving both his parole and probation sentences, this Court properly could find him guilty of a violation of probation.

If, as Defendant claims, his probation had not actually commenced when he was sentenced for its violation, his claim would still be without merit. Defendant's claim is similar to the argument asserted by the defendant in *United States v. Wright,* 744 F.2d 1127 (5th Cir.1984). In *Wright,* the court held that once the defendant had begun serving a previous sentence, the District Court lacked the authority to revoke the defendant's probation for a violation that occurred while the defendant was on parole, but prior to the commencement of his probation. *Id.* at 1128. Though Delaware Supreme Court has not specifically addressed the *Wright* holding, its decision in *Williams v. State,* 560 A.2d 1012 (1989), appears to indicate that it does not accept the Fifth Circuit Court of Appeal's decision in *Wright.* In *Williams,* the Court "concurred with the trial court's reliance upon"*United States v. Veatch,* 792 F.2d 48 (3d Cir.1986), *cert. denied,*479 U.S. 933 (1986), which held that a trial court may revoke an uncommenced or unexecuted probationary sentence. *Williams,* 560 A.2d at 1013. The holding in *Veatch* is in direct contrast to that of *Wright,* and the Delaware Supreme Court's support of the *Veatch* decision logically indicates a rejection of *Wright.*

*4 Furthermore, 11 *Del.C.* § 4333 (1987) provides that "[p]robation or suspension of sentence may be terminated by the court at any time...." The Delaware Supreme Court has interpreted this provision to mean that the court may revoke a grant of probation prior to its actual commencement. *Williams,* 560 A.2d at 1013. In *Williams,* the Court stated that the "power to terminate probation under [11 *Del.C.*]§ 4333 is not subject to time limitations, and it is clear that the trial courts may exercise their discretion in terminating probationary terms 'at any time.' " *Id.* at 1015. Thus, under either factual situation, Defendant has not asserted a meritorious constitutional claim under Rule 61(i)(5) and thus his claim is procedurally barred under Rule 61(i)(3), as in his motion Defendant has not demonstrated cause and prejudice.

15. Finally, Defendant claims that he was denied the effective assistance of counsel because his attorney did not consult with him prior to the violation hearing in order that he could explain "the situation" to her. In order to prevail on a claim of ineffective assistance of counsel, Defendant must prove that the attorney's conduct fell below that of reasonable professional standards, and that such conduct caused him actual prejudice. *Strickland v. Washing-*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                    Page 5
Not Reported in A.2d, 1995 WL 862118 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

*ton,* 466 U.S. 668, 687-88, 694 (1984), *reh'g denied,*467 U.S. 1267 (1984); *Albury v. State,* Del.Supr., 551 A.2d 53, 58 (1988). "Prejudice" has been interpreted to mean that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. This Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...." *Id.* at 689. Defendant has presented no evidence that his attorney's conduct fell below accepted professional standards. Further, even if Defendant did present such evidence, in light of this Court's decision as to Defendant's double jeopardy and illegal detention claims, Defendant would be unable to prove that the lack of conversation with his attorney prejudiced him such that "the result of the probation revocation hearing would have been different." Thus, Defendant's claim of ineffective assistance of counsel is also without merit.

Based upon the foregoing, it is ordered that the Defendant's Motion for Postconviction Relief is DENIED.

IT IS SO ORDERED.

Del.Super.,1995.
State v. Dorsey
Not Reported in A.2d, 1995 WL 862118 (Del.Super.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

679 A.2d 469                                                                    Page 1
679 A.2d 469, 1996 WL 265992 (Del.Supr.)
**(Cite as: 679 A.2d 469, 679 A.2d 469 (Table))**

# H

Dorsey v. State
Del.,1996.
(The decision of the Court is referenced in the At-
lantic Reporter in a 'Table of Decisions Without
Published Opinions.')
Supreme Court of Delaware.
Mark A. DORSEY, Defendant Below, Appellant,
v.
STATE of Delaware, Plaintiff Below, Appellee.
**No. 451, 1995.**

Submitted: May 7, 1996.
Decided: May 13, 1996.

Court Below: Superior Court of the State of
Delaware in and for New Castle County; Cr. A. No.
IN92-04-0831R1.
Superior Court, New Castle County, 1995 WL
862118.

AFFIRMED.

Before VEASEY, C.J., HOLLAND and BERGER,
JJ.

*1 This 13th day of May 1996, upon consideration
of the briefs of the parties, it appears to the Court
that the matter should be affirmed on the basis of
and for the reasons stated in the well-reasoned
Memorandum Opinion and Order of Superior Court
dated November 1, 1995.

NOW, THEREFORE, IT IS HEREBY ORDERED
that the judgment of the Superior Court be, and the
same hereby is,

AFFIRMED.

Del.,1996.
Dorsey v. State
679 A.2d 469, 1996 WL 265992 (Del.Supr.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 3, I electronically filed the attached documents with the Clerk of Court using CM/ECF. I also hereby certify that on October 3, 2007 I will mail, by United States Postal Service, the same documents to the following non-registered participant:

Harry J. Smith
SBI # 00154166
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ James T. Wakley
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 4612
james.wakley@state.de.us

Date:  October 3, 2007