IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

HARRY J. SMITH,                     :
                                    :
            Petitioner,             :
                                    :
     v.                             :   Civ. Act. No. 07-408-JJF
                                    :
PERRY PHELPS, Warden, and           :
ATTORNEY GENERAL OF THE STATE       :
OF DELAWARE,                        :
                                    :
            Respondents.[1]         :

_____

Harry J. Smith.  Pro se Petitioner.

James T. Wakley, Deputy Attorney General of the DELAWARE
DEPARTMENT OF JUSTICE, Wilmington, Delaware.  Attorney for
Respondents.

_____


**MEMORANDUM OPINION**



July 29, 2008
Wilmington, Delaware


_____

     [1]Perry Phelps assumed his position as Warden in January,
2008, replacing former Warden Thomas Carroll, an original party
to this case.  See Fed. R. Civ. P. 25(d).

Farnan, District Judge

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Harry J. Smith ("Petitioner").  (D.I. 1.)  For the reasons discussed, the Court will dismiss the Petition and deny the relief requested.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In May 1984, Petitioner pled guilty to first degree burglary and first degree unlawful imprisonment.  For the burglary conviction, the Delaware Superior Court sentenced Petitioner to 20 years of incarceration at Level V, suspended after 10 years for 10 years of probation.  Petitioner was sentenced to 7 years of incarceration at Level V for the unlawful imprisonment conviction.  Smith v. State, 2007 WL 1328843 (Del. 2007).

While on parole from his 1984 convictions, Petitioner was arrested in 1998, and charged with two counts of first degree robbery and related offenses.  Petitioner pled guilty in January 2000 to two counts of first degree robbery and two weapon offenses.  The Delaware Superior Court revoked the probationary portion of Petitioner's 1984 burglary sentence and sentenced him to 6 years of incarceration at Level V.  The Board of Parole subsequently revoked Petitioner's parole with respect to his 1984 burglary conviction and ordered him to serve 2 years, 4 months and 21 days at Level V, representing the remainder of his Level V

1

sentence.  <u>Id.</u> at *1.  Petitioner did not appeal the revocation of his probation and parole.

Instead, Petitioner filed the following motions for modification of sentence and petitions for the writ of habeas corpus in the Delaware Superior Court: (1) January 27, 2000 - petition for the writ of habeas corpus; (2) February 25, 2000 - motion for modification of sentence; (3) July 12, 2000 - petition for the writ of habeas corpus; and (4) January 19, 2001 - motion for modification of sentence.  The Superior Court denied all of these motions and petitions, and Petitioner did not appeal any of these decisions.  <u>See</u> <u>Smith v. Carroll</u>, 2005 WL 2508566 (D. Del. Oct. 7, 2005).

On May 13, 2002, Petitioner filed a motion for modification/correction of sentence, which the Superior Court denied on August 5, 2002.  Petitioner appealed, and the Delaware Supreme Court affirmed the Superior Court's decision.  <u>Smith v. State</u>, 812 A.2d 900 (Table), 2002 WL 31795960 (Del. Dec. 13, 2002).

In September 2004, Petitioner filed a federal habeas petition ("Petition I") in this Court, asserting four arguments: (1) there was an unspecified error regarding a violation of probation ("VOP") finding, and the VOP sentence violated his right against Double Jeopardy; (2) the prosecution's Rule 16 discovery (Del. Super. Ct. Crim. R. 16) erroneously alleged that

2

Petitioner possessed a weapon in September 1979; (3)
prosecutorial misconduct occurred when the prosecutor orally
alleged that Petitioner possessed a weapon in September 1979; and
(4) the prosecution presented false evidence in the indictment.
Smith v. Carroll, 2005 WL 2508566 (D. Del. Oct. 7, 2005).  The
Court denied Petition I as time-barred.  Id.

     Thereafter, in September 2006, Petitioner filed in the
Delaware Superior Court a motion to vacate the violation of
probation sentence issued in 2000 on the ground that the Superior
Court did not have the authority to revoke his probation while he
was on parole status.  After considering Petitioner's argument,
the Superior Court issued a modified violation of probation
sentence on December 29, 2006 reducing the violation of probation
sentence from 6 years at Level V to 3 years, 7 months and 9 days.
The sentence ordered by the Board of Parole was allowed to stand.
Consequently, the effect of the Superior Court's order was to
impose a sentence totaling 6 years at Level V.  Smith, 2007 WL
1328843, at *1.

     Petitioner appealed the Superior Court's decision to the
Delaware Supreme Court, claiming that he should not have been
subject to a violation of probation proceeding in 2000 because he
had not yet begun to serve his probationary term.  The Delaware
Supreme Court rejected this claim, holding that "[c]ontrary to
Smith's argument, the Superior Court has the authority to revoke

a probationary sentence that a defendant has not yet begun to serve." Id.

Petitioner filed the Petition pending before the Court on June 22, 2007. The State filed an Answer in opposition, arguing the Petition must be dismissed as time-barred. (D.I. 12.) The Petition is now ready for review.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2244(b)(3)(A), a petitioner must obtain permission from the appropriate court of appeals before filing a second or successive habeas petition in a federal district court. Generally, a habeas petition is classified as second or successive if a prior petition has been decided on the merits, the subsequent petition asserts a claim that was or could have been raised in the prior habeas petition, and the prior and subsequent petitions challenge the same conviction. See 28 U.S.C. §§ 2244 (a),(b)(1); In re Olabode, 325 F.3d 166, 169-73 (3d Cir. 2003); cf. Slack v. McDaniel, 529 U.S. 473, 485-86 (2000)("a habeas petition filed in the district court after an initial habeas petition was unadjudicated on the merits and dismissed for failure to exhaust state remedies is not a second or successive petition"). If a petitioner erroneously files a second or successive habeas petition in a district court without first obtaining permission from the court of appeals, "the district court's only option is to dismiss the petition or

4

transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." <u>Robinson v. Johnson</u>, 313 F.3d 128, 139 (3d Cir. 2002).

In this case, the State argues that the Petition should be dismissed as time-barred. However, the record reveals that the instant Petition is actually the second habeas petition filed by Petitioner in this Court. Determining whether a habeas petition constitutes a second or successive petition under AEDPA is a threshold jurisdictional question which may be raised <u>sua sponte</u> by a district court,[2] whereas AEDPA's one-year filing requirement is a statute of limitations, not a jurisdictional rule. <u>See Miller v. N.J. Dept. Corrs.</u>, 145 F.3d 616 (3d Cir. 1998). Therefore, the Court concludes that it can only inquire into the timeliness issue if the Petition does not constitute a second or successive habeas petition under AEDPA. <u>See</u>, <u>e.g.</u>, <u>In Re McDonald</u>, 514 F.3d 539, 543-44 (6th Cir. 2008)(holding that an inquiry into the timeliness issue would be premature prior to the Third Circuit's determination as to whether Petitioner should be granted authorization to file a second or successive petition.).

The Petition in this case presents one ground for relief, namely, that the Superior Court abused its discretion in revoking Petitioner's probation from the 1983 burglary conviction because he was on parole status. Although not entirely clear, Petitioner appears to be challenging the sentence issued by the Superior

---

[2]<u>See</u> <u>Benchoff v. Colleran</u>, 404 F.3d 812, 815 (3d Cir. 2005); <u>Goldblum v. Klem</u>, 510 F.3d 204, 241 (3d Cir. 2007).

5

Court in 2000, not the Superior Court's modified violation of probation sentencing order issued in 2006, and that challenge appears to be based on Double Jeopardy principles. However, even if Petitioner is challenging the modified sentencing order issued in 2006, in actuality, he is also attacking the legality of the sentence imposed in 2000. Petitioner raised a similar Double Jeopardy argument in Petition I, filed in this Court in September 2004, which the Court dismissed as time-barred. See generally Smith v. Carroll, 2005 WL 2508566 (D. Del. Oct. 7, 2005); Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005)(holding that the dismissal of a § 2254 petition as time barred constitutes an adjudication on the merits for successive purposes); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003)(holding that "a statute of limitations bar is not a curable technical or proceudural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims"). Therefore, the Court concludes that the instant Petition constitutes a second or successive petition within the meaning of 28 U.S.C. § 2244.

The record is clear that Petitioner has not obtained leave from the Court of Appeals for the Third Circuit to file his new Petition. Accordingly, the Court will dismiss the Petition pursuant to 28 U.S.C. § 2244(b)(3) for lack of jurisdiction.

## III.  DEFAULT MOTION

In May 2007, Petitioner filed a "Motion for the Entry of Default" ("Default Motion"), asking the Court to enter judgment in his favor because the State failed to file the State Court Record by the deadline set by the Court.  (D.I. 20.)  The State filed the State Record in January, 2008, and the Court has based its decision to dismiss the Petition in part on the documents contained in that Record.  Therefore, the Court will deny Petitioner's Default Motion as moot.

## IV.  CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability.  See Third Circuit Local Appellate Rule 22.2.  A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).  If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a

7

constitutional right; and (2) whether the court was correct in its procedural ruling. <u>Id.</u>

The Court has concluded that the Petition must be dismissed as second or successive. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Therefore, the Court declines to issue a certificate of appealability.

**V.    CONCLUSION**

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied.

An appropriate Order will be entered.